IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-117-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| WILLIAM JUNIOR BLUE, | ) | |
| | ) | |
| Defendant. | ) | |

    This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Fayetteville Police Department assigned to a task force of the Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives. The defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

    Defendant was charged in a three-count indictment on 3 April 2012 with: possession with the intent to distribute a quantity of cocaine base crack in violation of 21 U.S.C. § 841(a)(1) (ct. 1); possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and

924 (ct. 2); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A) (ct. 3). The alleged offense date in each count is 3 November 2011.

The evidence presented at the hearing showed that the charges arise from a traffic stop on the alleged offense date. Police stopped defendant, the sole occupant of the vehicle, for lack of insurance. They smelled marijuana in the car and, on that basis, conducted a search of it. They located two used marijuana cigarettes on the front floor boards and seven rocks of crack cocaine in one of defendant's socks. He disclosed that there was a pistol in the backpack on the back seat, which there, in fact, was—a .22 caliber revolver. It had five live rounds in it. Defendant was (and remains) prohibited from possessing a firearm as a convicted felon.

Defendant had retrieved his wallet from the backpack when the officer effecting the stop asked for his driver's license and registration. The backpack also contained mail matter with defendant's name on it. A digital scale with crack cocaine residue was located in the backpack. Defendant denied to police that he was dealing in drugs, but admitted that he was using crack. In contrast, he told the Probation Office, as reflected in the pretrial services report, that he had used crack cocaine only once.

Defendant also told police that he had moved the pistol from the front console to the backpack. In addition, he said the pistol belonged to his boss, whose car he was driving. He stated that the car usually had both the pistol and shotgun in it. He said he drove the car on a routine basis to pick up and drop off other employees of the company.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the

principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the gun- and drug-related nature of the offenses charged; the circumstances of the offenses charged, including the loaded status of the revolver in defendant's possession, his apparent use of marijuana while driving, this instance as one of many in which defendant was driving around with firearms in the vehicle, and his commission of this offense within 2 years after serving a prison term of about 10 years; defendant's criminal record, including 10 felony convictions, 13 misdemeanor convictions, revocation of probation in multiple cases, and over 30 failures to appear (albeit many were in traffic cases and somewhat dated); the danger of continued offense conduct by defendant if released; defendant's apparent crack addiction; the unsuitability of the proposed third-party custodial arrangement (notwithstanding the clear qualification of the proposed custodian to serve) due to the absence of the proposed custodian from the home on a regular basis and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lifelong residence in the area, his successful service on prison roadside work crews and in a work release program, and his participation in certain civic activities. It finds, however, that the factors favoring detention outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private

consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 12th day of June 2012.

James E. Gates
United States Magistrate Judge