UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:12-CR-117-BR
No. 5:15-CV-360-BR

| | |
|---|---|
| WILLIAM JUNIOR BLUE | ) |
| | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| UNITED STATES OF AMERICA | ) |
| | ) |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 61.) Petitioner has filed a response in opposition to the government's motion. (DE # 64.)

In 2012, without a plea agreement, petitioner pled guilty to possession with intent to distribute a quantity of cocaine base ("Count One"), possession of a firearm by a felon ("Count Two"), and possession of a firearm during a drug trafficking offense ("Count Three"). Petitioner was sentenced to 51 months imprisonment, to run concurrently, on Counts One and Two and 60 months imprisonment on Count Three, to run consecutively, for a total term of 111 months imprisonment. Petitioner appealed his sentence, and the Fourth Circuit Court of Appeals affirmed. (DE # 48.) Petitioner filed a petition for a writ of certiorari, which the Court denied on 6 October 2014.

Petitioner timely filed his § 2255 motion on 27 July 2015. (DE # 54.) In response, the government filed the instant motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim entitling him to relief.

It is well established that a motion filed under Rule 12(b)(6) challenges the legal

sufficiency of a complaint, and that the legal sufficiency is determined by
assessing whether the complaint contains sufficient facts, when accepted as true,
to "state a claim to relief that is plausible on its face."  This plausibility standard
requires only that the complaint's factual allegations "be enough to raise a right to
relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted).  This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion.  See Walker v. Kelly, 589 F.3d 127, 138-39 (4th Cir. 2009) (recognizing that the standards of Rule 12(b)(6) apply to the government's motion to dismiss a habeas corpus motion under 28 U.S.C. § 2254).

Petitioner asserts the following claims for relief, all rooted in the alleged ineffective assistance of counsel: (1) counsel misadvised petitioner to reject a favorable plea offer and to enter an open plea; (2) petitioner is actually innocent of Count Three and counsel misadvised petitioner to plead guilty to that charge; (3) counsel misadvised about petitioner about receiving the career offender enhancement; and (4) counsel failed to file a motion to suppress evidence from the traffic stop which resulted in the instant charges.  (Mot., DE #54, at 4, 5, 7, 8.)  The court considers these claims in turn.

> To establish a claim of ineffective assistance of counsel, a
> defendant must show (1) that "counsel's performance was deficient," and
> (2) that "the deficient performance prejudiced the defense."  To satisfy
> the deficiency prong, the defendant must show that counsel's performance
> "fell below an objective standard of reasonableness."  "Judicial scrutiny
> of counsel's performance must be highly deferential."  There is a "strong
> presumption that counsel's conduct falls within the wide range of
> reasonable professional assistance," and "that, under the circumstances,
> the challenged action might be considered sound trial strategy."
> Under the prejudice prong, "[t]he defendant must show that there
> is a reasonable probability that, but for counsel's unprofessional errors, the
> result of the proceeding would have been different."  There must be "a
> probability sufficient to undermine confidence in the outcome" of the trial.
> However, a defendant is not required to establish that "counsel's deficient

2

conduct more likely than not altered the outcome of the case."

United States v. Rangel, 781 F.3d 736, 742 (4th Cir. 2015) (citations omitted).

Petitioner first claims that counsel improvidently advised him to reject a favorable plea agreement and enter an open plea, as a result of which petitioner was exposed to a greater sentence. As set forth in petitioner's sentencing memorandum, (DE # 32, at 6-7), and as further explained by counsel at petitioner's sentencing, (5/13/13 Tr., DE # 45, at 14-17), the government offered petitioner an agreement under which he would plead guilty to Counts One and Three. Counsel was concerned about the law developing after the then-recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir 2011), and the possible effect on petitioner's sentence, in particular that petitioner might be designated a career offender. After consulting with other attorneys in her office, counsel requested that the government remove its standard appellate waiver from the plea agreement and include a provision to permit petitioner to appeal from a career offender designation, if any. The government refused. Counsel advised petitioner not to sign the plea agreement so that he would have the right to appeal if he were designated a career offender, which would have more than doubled his guideline range.

Ultimately, petitioner was not designated a career offender. However, his guideline range was approximately 30 months higher than the guideline range had he taken the government's plea offer. At sentencing, counsel brought this information to the court's attention and argued that the court should vary downward to account for the impact of petitioner's failure to enter into a plea agreement. The court declined to impose a variance.

Under the circumstances, counsel did not act deficiently in this regard nor was petitioner prejudiced. As the court recognized at petitioner's sentencing hearing, counsel's decision to

3

advise petitioner to plead guilty without the plea agreement offered was strategical. (5/16/13 Tr., DE # 43, at 4.) Counsel made the decision only after consulting with other attorneys in her office. Advising petitioner to enter an open plea so as to preserve his right to appeal was not unreasonable given the state of the law at the time and petitioner's criminal history. That, in hindsight, it might not have been the best choice does not make counsel's assistance ineffective. See Meyer v. Branker, 506 F.3d 358, 371 (4th Cir. 2007) ("It is a cardinal tenet of the Supreme Court's ineffective assistance jurisprudence that "'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.' . . . . Since adverse outcomes can make perfectly reasonable judgments look questionable in retrospect, 'every effort [must] be made to eliminate the distorting effects of hindsight.'" (citations omitted) (alteration in original)).

Furthermore, at his plea hearing, petitioner was made aware, and acknowledged, that his guideline range as calculated by his counsel might differ from the final numbers as determined by the court. (11/5/12 Tr., DE # 47, at 9-10, 17-18.) He was also made aware, and acknowledged, that in such a case, he had no right to later change his mind and plead not guilty. (Id.) Finally, petitioner was informed of the mandatory minimum and maximum penalties he faced. (Id. at 18-20.) The sentence the court imposed on each count was within the statutory range of punishment. Accordingly, petitioner was not prejudiced by counsel's advice not to accept the plea agreement. Because petitioner cannot show counsel's deficiency or prejudice, his first claim fails.

In his second claim, petitioner contends that he is actually innocent of Count Three and counsel advised him to plead guilty to a crime he did not commit. At his plea hearing, the court

4

asked petitioner, "[D]id you as charged in Count Three on that same day during and in relation to the drug trafficking crime that you have just ple[]d guilty to alleged in Count One, knowingly use and carry a Rohm-22 revolver and possess it in furtherance of the drug trafficking crime?" (Id. at 21-22.) Petitioner, after having been duly sworn, responded affirmatively. Petitioner is bound by this sworn statement he made at the plea hearing, United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005), and the court rejects petitioner's assertion of innocence and his attempt to lay blame with counsel for supposedly advising him to plead guilty to Count Three. Thus, petitioner's second claim does not entitle him to relief.

Petitioner's third claim is related to his first claim. Petitioner complains that counsel led him to believe he would be designated a career offender, and based on that belief, he pled guilty. Given the state of the law at the time and petitioner's criminal history, it was not unreasonable for counsel to be concerned that petitioner might be designated a career offender. By his open plea, petitioner preserved his right to appeal any career offender designation (and to appeal on any other ground) and received the benefit of a three-level reduction in his base offense level based on acceptance of responsibility. Counsel did not act deficiently in advising petitioner about the career offender enhancement and that petitioner was better off entering an open plea.

Finally, petitioner claims counsel should have filed a motion to suppress evidence seized during a traffic stop which resulted in the instant charges. Petitioner acknowledges that law enforcement initially stopped the vehicle for a traffic violation. (Resp., DE # 64, at 3.) A traffic violation gives an officer probable cause to stop a vehicle. Whren v. United States, 517 U.S. 806, 810 (1996).

> Although law enforcement officers may stop a vehicle that they observe is violating a traffic law— a stop that amounts to a seizure for purposes of the

5

> Fourth Amendment— the officers may not detain the vehicle for longer than necessary to accomplish the purposes of the stop. Any detention longer than reasonably necessary to accomplish the purposes of the stop must be justified by at least a reasonable suspicion of other criminal activity. A reasonable suspicion is demonstrated when an officer is able to "point to 'specific and articulable facts which, taken together with rational inferences from those facts, evince more than an inchoate and unparticularized suspicion or hunch of criminal activity.'" When an officer has reasonable suspicion of criminal activity, he may detain the suspect so as "to permit the officer to allay the suspicion."
>
> Of course, if the officer has probable cause to believe that a search of the vehicle would uncover contraband, he may search the vehicle . . . .

United States v. Ortiz, 669 F.3d 439, 444 (4th Cir. 2012) (citations omitted).

Here, upon approaching the vehicle, the officer smelled marijuana emanating from the vehicle. (PSR, DE # 30, ¶ 7.) As such, the officer had reasonable suspicion to prolong the stop and probable cause to conduct a search of the vehicle. See United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002) ("Once the car was properly stopped and the narcotics officers smelled marijuana, the narcotics officers properly conducted a search of the car." (citation omitted)). Because the motion to suppress would not have been successful, petitioner was not prejudiced by counsel's failure to file the motion, and petitioner's last claim fails.

Petitioner has failed to state any claim entitling him to relief. The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255

Proceedings, a certificate of appealability is DENIED.

This 11 February 2016.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge